**Danny James HARRINGTON, Petitioner—Appellant,**

v.

**Dan JOHNSON, Snake River Correctional, Respondent— Appellee.**

No. 03–35043.

D.C. No. CV–00–01710–HO.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 9, 2005.

Decided March 18, 2005.

Thomas J. Hester, FPDOR—Federal Public Defender's Office, Portland, OR, for Petitioner–Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Kaye E. McDonald, AGOR—Office of The Oregon Attorney General, Salem, OR, for Respondent–Appellee.

Before HUG, REINHARDT, and BYBEE, Circuit Judges.

## MEMORANDUM *

The appellant has failed to establish a Sixth Amendment violation entitling him to relief under 28 U.S.C. § 2254(d). On the contrary, we are persuaded that the strategy selected by the defense counsel was a perfectly reasonable strategy in a difficult case. The state court's decision, denying post-conviction relief on the merits, represents neither an unreasonable application of clearly established federal law, nor an unreasonable determination of the facts in light of the evidence presented in state court. *See* 28 U.S.C. § 2254(d)(1)-(2).

Accordingly, the decision of the district court, denying habeas relief, is affirmed.

**AFFIRMED.**

REINHARDT, Circuit Judge, concurring.

I find the convictions troubling. It is difficult to believe that the defendant could have received a fair trial once the jury was informed of his prior convictions for sexual assault in the first degree. There are other aspects of the testimony that would also make an objective observer question whether the verdict was just. All this, however, is beyond the scope of our inquiry on this appeal. As to the only question properly before us, I am in complete agreement that counsel's performance was

not ineffective. In fact, I believe that the choice he made was the best possible under the circumstances.